UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: ROBERT J. SPENLINHAUER,<br>　　　　　　　　　　　Debtor. | Civil Action No. 15-14223-GAO |
| ROBERT J. SPENLINHAUER,<br>　　　　　　　　　　　Appellant,<br>v.<br>WILLIAM K. HARRINGTON,<br>UNITED STATES TRUSTEE FOR REGION 1,<br>　　　　　　　　　　　Appellee. | (Chapter 11 Case No. 13-17191-JNF) |

ORDER
February 9, 2016

O'TOOLE, D.J.

　　Approximately two years into this Chapter 11 bankruptcy, the United States Trustee for this region, who is the appellee in this action, filed a motion in the bankruptcy court to convert the case to a Chapter 7 bankruptcy or, in the alternative, to appoint a Chapter 11 trustee. As grounds for its motion, the United States Trustee alleged that certain actions by the debtor-in-possession Robert J. Spenlinhauer called into question his ability to adequately protect his creditors' interests as he sought reorganization. After briefing and oral argument, the bankruptcy judge granted the United States Trustee's motion, finding cause existed either to convert the case or to appoint a trustee. The judge selected the second option, the appointment of a trustee. A Chapter 11 trustee was appointed shortly thereafter.

The debtor appealed the appointment of the trustee to this Court and moved in the bankruptcy court for a stay of the appointment pending that appeal. After further briefing, the bankruptcy judge denied the motion for a stay. Following that denial, the debtor renewed his motion for a stay in this Court. That motion was fully briefed, and a hearing was held on January 28, 2016.

A motion for a stay pending appeal in a bankruptcy case is reviewed under the same standard employed in evaluating a request for a preliminary injunction. Elias v. Sumski (In re Elias), 182 F. App'x 3, 4 (1st Cir. 2006). That standard has four factors: (1) whether the moving party is likely to succeed on the merits, (2) whether the moving party will be irreparably harmed if the stay is not granted, (3) whether the non-moving party will be harmed by the stay, and (4) whether granting the stay is in the public interest. Id.

The "sine qua non" for a stay pending appeal is the first factor, likelihood of success on the merits. See Acevedo-García v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir. 2002) (quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)). Here, the debtor has not carried his burden of making that showing.

A bankruptcy court may appoint a trustee in a Chapter 11 case "if such appointment is in the interests of creditors." 11 U.S.C. § 1104(a)(2); see also id. § 1112(b)(1). Deference is afforded to a bankruptcy judge in her determination of whether cause exists for such an appointment. See Tradex Corp. v. Morse, 339 B.R. 823, 828–29 (D. Mass. 2006).

The bankruptcy judge's order appointing a Chapter 11 trustee was a reasoned one on its face—as was the later order denying a stay. The bankruptcy judge's decision was supported by facts in the record, many of which are undisputed. The debtor has not shown that he is likely to succeed on the merits of his appeal.

The debtor's Expedited Motion for Stay Pending Appeal (dkt. no. 5) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge
