# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ ) | |
| **In re ROBERT J. SPENLINHAUER,** ) | |
| **individually and as trustee and** ) | |
| **beneficiary of RJS REALTY TRUST,** ) | **Chapter 11** |
| **C.C. CANAL REALTY TRUST, and** ) | **13-17191-JNF** |
| **CLASSIC AUTO REALTY TRUST,** ) | |
| ) | |
| **Debtor.** ) | |
| _____) | |
| ) | |
| **ROBERT J. SPENLINHAUER,** ) | |
| ) | |
| **Appellant,** ) | |
| ) | **Bankruptcy Appeal No.** |
| **v.** ) | **15-14223-FDS** |
| ) | |
| **WILLIAM K. HARRINGTON,** ) | |
| **United States Trustee for Region 1,** ) | |
| ) | |
| **Appellee.** ) | |
| _____) | |

## MEMORANDUM AND ORDER ON APPEAL FROM BANKRUPTCY COURT

**SAYLOR, J.**

This is an appeal from an order of the United States Bankruptcy Court for the District of Massachusetts. Debtor-appellant Robert Spenlinhauer has appealed the bankruptcy court's decision to appoint a Chapter 11 trustee. He contends that the bankruptcy court violated his due process rights by appointing a trustee without holding an evidentiary hearing and that the court improperly relied on an issue that was not properly raised prior to the hearing.

For the reasons stated below, the decision of the bankruptcy court appointing a Chapter 11 trustee will be affirmed.

## I.     <u>Background</u>

On December 16, 2013, Robert Spenlinhauer filed a voluntary petition for Chapter 11 bankruptcy.  (B.R. at 1).  His bankruptcy petition and schedules stated that he had $16.6 million in assets and $7.2 million in liabilities.  (B.R. at 90).  His schedules and financial statements indicated that he owned six real properties, 27 vehicles, four boats, and various other items of personal property.  (B.R. at 91-99).  He stated that he was retired and had a monthly income of $4,300, consisting of social security as well as payments from the sale of a boat.  (B.R. at 116-18).  He also stated that within one year prior to his petition, he had transferred property valued at $330,000 to his son, Eric Josephson; vehicles valued at $195,000 to an entity controlled by his Josephson; and a vehicle valued at $28,500 to a man named Mark Germani.  (B.R. at 128).  And he stated that he had an interest in a number of business ventures, including Cape Shores Development, LLC; Classic Autos Realty Trust; RJS Realty Trust; and C.C. Canal Realty Trust. (B.R. at 131).

Spenlinhauer twice moved for, and was granted, extensions of time to file a Chapter 11 reorganization plan.  (B.R. at 27, 31).  He filed a reorganization plan on September 8, 2014. (B.R. at 40).  After the United States Trustee and his creditors objected to the proposed plan and disclosure statement, confirmation was denied.  (B.R. at 43).  Spenlinhauer filed a first amended reorganization plan on December 15, 2014.  (B.R. at 47).  Again, the United States Trustee and his creditors objected to the plan, and again the plan was not confirmed.  (B.R. at 55). Spenlinhauer filed a second amended reorganization plan on October 6, 2015.  (B.R. at 69-70). Once again, the United States Trustee and his creditors objected to the plan, and once again confirmation of the plan was denied.  (B.R. at 71).  Spenlinhauer received several extensions of time to file a third amended reorganization plan, but failed to file the plan by the extended

deadline.  (B.R. at 74).

The Bankruptcy Court authorized Spenlinhauer to sell a property he owned in Hingham, Massachusetts.  (B.R. at 257).  However, before the property sold, it suffered extensive damage due to a pipe burst in January 2015.  (B.R. at 245).  Spenlinhauer moved to employ Ball & Boyd Public Adjusters, Inc., "to assist in the preparation, presentation and adjustment of all applicable claims for the loss or damage caused by the freeze up" at the Hingham property.  (*Id.*).

Spenlinhauer received three checks from his insurance company for damage to the Hingham property.  (App. 1 at 1; Supp. App. at 209).  The first check, for insurance proceeds totaling $109,190, was deposited on June 4, 2015, into Spenlinhauer's RJS Realty Trust account at Cape Cod Savings Bank.  (App. 1 at 2).  The second check, for insurance proceeds totaling $228,685, was deposited on October 29, 2015, into the same RJS Realty Trust account.  (App. 1 at 1; Supp. App. at 208).  The third check, for insurance proceeds totaling $198,847, was deposited on November 6, 2015, into the same RJS Realty Trust account.  (App. 1; Supp. App. at 209-10).

Spenlinhauer failed to timely report his receipt of the insurance proceeds and spent a significant amount of the proceeds without prior court authorization.  (Supp. App. at 210). Between October and December 2015, he purchased or redeemed, among other things, a $65,000 recreational vehicle and an $18,202 motor vehicle.  He also spent $3,334 at Toys "R" Us, gave $3,750 to his son, and paid $30,007 to Ball & Boyd Public Adjusters without authorization. (Supp. App. at 211; App. 1 at 2).

On December 8, 2015, the United States Trustee moved to convert the proceeding from a Chapter 11 to a Chapter 7 proceeding, or, in the alternative, to appoint a Chapter 11 trustee, on the grounds that he had failed to properly report financial information, had spent substantial

sums of money without prior court authorization, and had failed to obtain confirmation of a

reorganization plan.  (App. 1 at 1-3).

Spenlinhauer opposed the motion, stating that he had sold assets sufficient to pay all

creditors.  (App. 2 at 1).  He also stated that none of the complained-of actions had been

intentional, nor had they harmed the bankruptcy estate, and that he had rectified any error by

disclosing all payments.  (App. 2 at 2).

The bankruptcy court held a hearing on the Trustee's motion on December 15, 2015.

(Supp. App. at 198).  At the hearing, Spenlinhauer did not dispute the facts as alleged by the

Trustee.  (Supp. App. at 225-31).  Spenlinhauer acknowledged that, under 11 U.S.C. §§

546(a)(1) and 548(a), the limitations period to undo his pre-petition conveyance of property to

his son was going to expire the very next day, unless a trustee was appointed.  (Supp. App. at

231-32).  He admitted that he had not yet done anything to correct the conveyance, and offered

to file a complaint as soon as possible.  (Supp. App. at 232-33).

On December 15, 2015, the bankruptcy court granted the Trustee's motion to appoint a

Chapter 11 trustee.  (App. 5).  The court stated as follows:

> The [United States Trustee] has demonstrated cause for conversion of this Chapter
> 11 case to a case under Chapter 7 under 11 U.S.C. Section 1112(b)(1), (4), or
> alternatively, for the appointment of a Chapter 11 trustee under 11 U.S.C. Section
> 1104.  Such cause includes the Debtor's transfers of insurance proceeds to non-
> debtor in possession bank accounts during the pendency of this case, the payment
> of [sic] an insurance adjuster of fees without Court approval, the failure of the
> Debtor to disclose the accurate dates of receipts of the insurance proceeds, and the
> payment to a secured creditor in the amount of $65,000 to redeem a recreational
> vehicle and to purchase another vehicle.  Those transactions were both out of the
> ordinary course of business and without proper notice and authorization as required
> by 11 U.S.C. Section 363(b).  In addition, the Debtor has failed to file an amended
> plan and disclosure statement within the deadlines established by the Court, despite
> the Court having granted the Debtor three extensions of time for filing a Third
> Amended Plan and Disclosure Statement.  The Court finds that it is in the best
> interests of creditors and the state to forthwith appoint a Chapter 11 trustee, in

particular where the period under 11 U.S.C. Section 546 for the debtor in possession
as estate representative to pursue actions is expiring tomorrow, and the Debtor has
not brought any such actions, thus necessitating an independent inquiry and
additional time for the commencement of any actions as appropriate to protect the
interests of creditors and the estate.   See 11 U.S.C. Section 546(a)(1)(B).
Accordingly, the Court authorizes the immediate appointment of a Chapter 11
trustee.

(*Id.*).  That same day, the court approved the appointment of Lynne F. Riley as the

Chapter 11 trustee.  (App. 6).

On December 28, 2015, Spenlinhauer timely appealed the court's appointment of

a Chapter 11 trustee.  (App. 8).  On December 30, 2015, he moved for a stay of the

bankruptcy procedure pending that appeal.  (App. 9).  The bankruptcy court denied that

motion, concluding that Spenlinhauer was not likely to succeed on the merits of his

appeal.  (App. 11 at 4).  Spenlinhauer then filed a motion to stay with this Court, which

was also denied for the same reason.  (Docket No. 14).

## II.     <u>Standard of Review</u>

"When a District Court reviews a decision of the bankruptcy court, findings of

fact are upset only if clearly erroneous, but questions of law are subject to *de novo*

evaluation.  A discretionary decision of the bankruptcy court is overturned only when

there has been abuse of that discretion."  *Tradex Corp. v. Morse*, 339 B.R. 823, 824 (D.

Mass. 2006) (internal citations omitted).  The decision of a bankruptcy court to appoint a

Chapter 11 trustee is reviewed for abuse of discretion.  *Id.* at 835.  The bankruptcy court

abuses its discretion "if it does not apply the correct law or if it rests its decision on a

clearly erroneous finding of material fact."  *In re Andover Covered Bridge, LLC*, 553

B.R. 162, 171 (B.A.P. 1st Cir. 2016) (internal quotation marks omitted).

III.   <u>**Analysis**</u>

Ordinarily, Chapter 11 debtors remain in possession of their estates throughout reorganization.  *In re Lopez-Munoz*, 553 B.R. 179, 189 (B.A.P 1st Cir. 2016).  There is a presumption that debtors themselves are "best suited to orchestrate the process of rehabilitation for the benefit of creditors and other interests of the estate."  *Id.* (internal quotation marks omitted).  Thus, the appointment of a Chapter 11 trustee is considered to be an "extraordinary act."  *Id.* (internal quotation marks omitted).  "Nevertheless, in the appropriate case, the appointment of a trustee is a power which is critical for the court to exercise in order to preserve the integrity of the bankruptcy process and to insure that the interests of creditors are served."  *Id.* (internal quotation marks omitted).

When a debtor remains in possession of his bankruptcy estate, he possesses most of the rights, powers, and duties of a trustee, including the duty to "be accountable for all property received."  11 U.S.C. §§ 704(a)(2), 1107.  Debtors-in-possession are required to file monthly financial reports, which serve as the primary means for monitoring compliance with the requirements of the bankruptcy code.  *In re Andover Covered Bridge, LLC*, 553 B.R. at 172-73.  Debtors-in-possession are also required to deposit post-petition funds into designated debtor-in-possession bank accounts.  *See In re Sieber*, 489 B.R. 531, 548-49 (Bankr. D. Md. 2013).

A debtor-in-possession may use property of the estate without prior court approval only if doing so is "in the ordinary course of business."  11 U.S.C. § 363 (b)(1), (c)(1).  Professionals such as lawyers, accountants, and insurance adjusters may be paid from estate funds only upon the bankruptcy court's approval of the professional's employment and their fee application.  11 U.S.C. §§ 327, 330.

Two statutes provide for the appointment of a Chapter 11 trustee under certain

circumstances.  First, under § 1104, the bankruptcy court "shall" appoint a trustee if there is

"cause" to do so—"including fraud, dishonesty, incompetence, or gross mismanagement"—or

"if such appointment is in the interests of creditors."  11 U.S.C. § 1104(a).   Second, under §

1112, the bankruptcy court "shall" dismiss or convert a Chapter 11 case to a case under Chapter

7 "for cause unless the court determines that the appointment under section 1104(a) of a trustee .

. . is in the best interests of creditors and the estate."  11 U.S.C. 1112(b)(1).  Under that section,

"cause" includes, among other things, gross mismanagement, unexcused failure to timely satisfy

filing or reporting requirements, and failure to timely file reorganization plans or disclosure

statements.  11 U.S.C. 1112(b)(4).

Spenlinhauer contends that he was deprived of his due-process rights by not having the

opportunity to present witnesses in support of his position.  Under the Massachusetts Local

Bankruptcy Rules, courts are required to hold preliminary, non-evidentiary hearings on motions

to convert or appoint trustees in order to determine whether there are disputed facts that require

an additional, evidentiary hearing.  M.L.B.R. 1017-1(h).  At the preliminary hearing on

December 15, 2015, Spenlinhauer did not contest any of the material facts as alleged by the

Trustee, and, through his attorney, apologized for his "missteps."  (Supp. App. at 227-28).

Furthermore, he did not dispute that nothing had been done concerning the pre-petition

conveyance of real property to his son.  (Supp. App. at 232).  He did not request the opportunity

to present witness testimony in support of his position.  Because there was no dispute as to a

material fact, the bankruptcy court did not err by failing to hold an evidentiary hearing.  *See In re

Cabral*, 285 B.R. 563, 576-78 (B.A.P 1st Cir. 2002) (holding that bankruptcy court did not err in

converting case without evidentiary hearing where there was no dispute as to a material fact and

where debtor did not request opportunity to present additional evidence).[1]

Spenlinhauer also contends that the bankruptcy court erred by relying on the impending expiration of the limitations period under 11 U.S.C. §§ 546(a)(1), because that issue was raised for the first time at the hearing.  However, Spenlinhauer did not object to the issue being raised at the hearing, he engaged with the issue on the merits, and offered to file a complaint to avoid the transfer as soon as possible.  (Supp. App. at 232-35).  Thus, he impliedly consented to the issue being raised.  *See In re Crawford*, 841 F.3d 1, 6 (1st Cir. 2016) (finding no abuse of discretion in bankruptcy court's finding of implied consent where party failed to object to issue being raised and engaged the merits of the claim).

Furthermore, and in any event, the expiration of the limitations period was just one of many grounds on which the bankruptcy court relied in appointing a trustee.  The court noted that there was cause to appoint a trustee based on Spenlinhauer's use of a non-debtor-in-possession bank account, transfer of insurance proceeds without prior court approval, and failure to file a third amended reorganization plan within the deadlines established by the court.  (App. 5).  Thus, pursuant to either § 1104(a)(1) or § 1112(b)(1), the undisputed facts established cause to appoint a trustee.  Whether the court also found that appointing a trustee was in interests of creditors, due to the impending expiration of the limitations period on the fraudulent conveyance claim, did not have a material effect on the decision.

## VI.   Conclusion

For the foregoing reasons, the Order of the Bankruptcy Court appointing a Chapter 11 trustee is AFFIRMED.

---

[1] At the hearing on Spenlinhauer's motion to stay the proceeding pending his appeal, he again acknowledged that there was no dispute that he had spent the insurance proceeds without court approval, but contended that there was no harm done to the estate as a result.  (Supp. App. at 245-48).

**So Ordered.**

/s/ F. Dennis Saylor

F. Dennis Saylor IV

Dated: March 23, 2017                    United States District Judge